1  Mark Oster: 223613

2  Santa Ana Jail 4C

3  PO Box 22003

4  Santa Ana, CA 92702

5  **IN PRO PER**

Rev. IV

United States District Court

Central Division

411 West Fourth Street

Santa Ana, CA 92701-4598

*IFP Submitted*
*Related DDJ*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DIVISION OF CALIFORNIA

**MARK P. OSTER,**
      Plaintiff,
      v.
**Orange County Social**
  **Services Agency &**
**Social Worker Heidi Martinez,**
      Respondents.

Case No. 8:25-CV-00046-DOC (SK)

**CIVIL RIGHTS ACTION FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS 42 U.S.C. § 1983 WITH VIOLATIONS OF IV, V, VI, & XIV AMENDMENT RIGHTS.**

## I. SUMMARY.

This is a lawsuit filed by the Plaintiff Mark P. Oster in the United States District Court Central Division against both Respondent Heidi Martinez (referred to herein as MARTINEZ), acting in her professional role as a social worker for/and the County of Orange, California and Orange County Social Services. The Respondents are being cited in this complaint under the provisions of 42 U.S.C. § 1983 in violation of Mark Oster's (referred to herein as OSTER) IV, V, VI, & XIV Amendment Constitutional rights with deprivation of his right to due process. During her investigation as a social service worker, the Respondent MARTINEZ made false statements and deliberately fabricated evidence violating Cal. Govt. Code 1368, 3108 false statements and perjury in Court cases No. 21DP0848 & 21DP0849.

Rev. IV

**II. DUE PROCESS VIOLATIONS.**

**A) LEGAL STANDARDS**

1. "Section § 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." (*Deveraux v. Abbey* (9th Cir. 2001) 263 F.3d 1070, 1074 (Deveraux)).

2. A municipal entity (such as county or city) can be held liable under section § 1983 "where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted by that body's officers." (Monell v. New York City Dept. of Social Services (1978) 436 U.S. 658, 690.)

3. "A social worker may be held liable under section § 1983 based on proof that he or she made false statements in petitions filed with the juvenile dependency courts (see Costanich v. Department of Social and Health Services (9th Cir. 2010) 627 F.3d 1101, 1108, 1110-1111 (Costanich)).

4. "Deliberately fabricating evidence in a civil child abuse proceeding violates the Due Process clause of the Fourteenth Amendment…" (Constanich, supra, at p. 1108; See Beltran v. Santa Clara County (9th Cir. 2008) 514 F.3d 906, 908 [social workers "are not entitled to absolute immunity from claims they fabricated evidence during an investigation or made false statements in a dependency petition."])

5. The Fifth Amendment, which applies to the States by virtue of the Fourteenth Amendment, *Malloy v. Hogan,* 378 U.S. 1, 6, 84 S.Ct.

Rev. IV

1489, 12 L.Ed.2d 653 (1964), provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Court adopted a set of prophylactic measures to protect a suspect's Fifth Amendment right from the "inherently compelling pressures" of custodial interrogation. *Id.,* at 467, 86 S.Ct. 1602. The Court observed that "incommunicado interrogation" in an "unfamiliar," "police-dominated atmosphere," *id.,* at 456-457, 86 S.Ct. 1602, involves psychological pressures "which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely," *id.,* at 467, 86 S.Ct. 1602. Consequently, it reasoned, "[u]nless adequate protective devices are employed to dispel the compulsion inherent in custodial surroundings, no statement obtained from the defendant can truly be the product of his free choice." *Id.,* at 458, 86 S.Ct. 1602.

**B) THE ALLEGATIONS AND CHARGES.**

The Respondents violated the Plaintiff's right to due process with deprivation of life, liberty, or property. The Respondents are directly responsible, through MARTINEZ's interrogation methods at the Santa Ana Jail, for the Superior Courts negative rulings in cases No. 21DP0848 & 21DP0849 depriving the Plaintiff, as a father, custody of his two minor daughters, Mae Vinz and Marluz Oster. The Plaintiff will demonstrate that the Respondent MARTINEZ created a "deprivation of liberty based on fabricated evidence and is a violation of a person's constitutional right to due process." (*Jones v. State*, 170 Wash. 2d 338, 242 P.3d 825, 831-32 (2010)). The Plaintiff, Mark Oster asserts a violation of his substantive due process right not to suffer a deprivation of liberty

Rev. IV

based on fabricated evidence and false representations in child custody proceedings. This right was clearly established in July 2021, at the time of Respondents' alleged unconstitutional conduct. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc); *Beltran v. Santa Clara County*, 514 F.3d 906 (9th Cir. 2008) (en banc); *Greene v. Camreta*, 588 F.3d 1011, 1035 (9th Cir. 2009);

## III. HEARSAY TESTIMONY.

The Plaintiff, Mark Oster has been in Federal custody awaiting trial since July 30, 2021. Immediately after the Plaintiff's arrest on July 31, 2021 he was visited while in custody by Orange County social worker Heidi Martinez at the Santa Ana Police Jail. During that interrogation Plaintiff vehemently denied having any inappropriate sexual contact with either of his daughters or having possession of child pornography. MARTINEZ became frustrated with OSTER because the Plaintiff continued to wave-off allegations by the FBI and MARTINEZ was insistent of the charges even though OSTER answered similar questions just three months earlier. The social worker, MARTINEZ was acting as an agent of law enforcement in her role especially when she questioned the Plaintiff without reading the Plaintiff his Maranda warning and interrogating the Plaintiff in custody without the presence of his attorney, a violation of V & VI Amendment guarantees.

|| *Miranda* safeguards are required when a suspect is (1) "in custody" and (2) subject to "interrogation" by the government. *Miranda*, 384 U.S. at 444. A suspect is in custody when "there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125

4

CIVIL RIGHTS ACTION FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS
42 U.S.C. § 1983

Rev. IV

(1983) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam)). An "interrogation" includes both express questioning and its "functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)). This includes any words or actions that an officer could reasonably have foreseen would "elicit an incriminating response." *Id.*; *see also Pennsylvania v. Muniz*, 496 U.S. 582, 600-01 (1990) (plurality opinion). || This interrogation was initiated by MARTINEZ who was called upon by the FBI, who provide her with the falsified information and visited the Plaintiff *while in custody*.

The social worker, MARTINEZ fabricated a jurisdiction/deposition report indicating that the Respondent, "had sexually abused and sexually exploited the child Mae Oster," without any proof of doing so. The only evidence that MARTINEZ brought forward to the complaint was inconclusive statements given to her by an FBI agent. These statements are deemed as hearsay, not only by the agent but also documented on the 300(d) report. There was no evidence presented to MARTINEZ that the Plaintiff, Mark Oster possessed explicit photographs of Mae Oster. All of these statements given to MARTINEZ by the FBI are inadmissible hearsay. In Re Malinda S. (1990) 51 Cal. 3d 368, 376 (Malinda S.), The California Supreme Court held that at a jurisdictional hearing, hearsay in a social workers report is only admissible, providing the social worker is available to be cross-examined at the request of the parent. And, California case law supports Plaintiff's interpretation. California courts have consistently held that state child dependency proceedings in juvenile court are civil actions designed to protect the child, not reprove the parent for violating a prohibition. "The central purpose of dependency proceedings

Rev. IV

is to protect the welfare and best interests of the child, not to punish the parent." *In re Walter E.,* 13 Cal. App.4th 125, 137-38, 17 Cal.Rptr.2d 386 (1992). The information that the social worker MARTINEZ received was speculative (the FBI information was alleged) at best and did not constitute proof of a violation of section § 300(d). There was hearsay report speculation presented by MARTINEZ where the Plaintiff was unable to cross-examine the social worker because of his incarceration on the hearing date. Plaintiff's attorney did not raise this issue during the hearing because he did not meet with the Plaintiff prior to either of the hearing dates to go over such objections that might have been brought-up in the court proceedings. None of the items in the social workers report were presented as evidence to validate the section § 300(d) sexual abuse charges in the case against the Plaintiff. "Hearsay evidence alone is insufficient to satisfy the requirement of due process of law, and more uncorroborated hearsay does not constitute substantial evidence. (*Lucero L.*, Supra. 22 Cal. 4th at pp. 1244-1245 quoting *Gregory v. State* 3d. of control (1999) 73 Cal. App. 4th 584, 597) "Section 355, subdivision (c)(1), also incorporates this due process principle providing that a hearsay statement contained in a social study that is inadmissible in a criminal or civil trial cannot 'by itself'... support a jurisdictional finding or any ultimate fact upon which a jurisdictional finding is based."(Lucero L. Supra. 22 Cal. 4th at F. 1245).

**IV FALSE TESTIMONY OF SOCIAL WORKER.**

"The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official." (*Spencer v. Peters*, 857 F.3d 789, 793

6

Rev. IV

(9th Cir. 2017)); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010)) ("An interviewer who deliberately mischaracterizes witness statements in her investigative report . . . commits a constitutional violation."). "To prevail on a claim of judicial deception in a child abuse or custody proceeding, a Plaintiff must show that '(1) the Respondent official deliberately fabricated evidence and (2) the deliberate fabrication caused the Plaintiff's deprivation of liberty.'" (*Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) (quoting *Spencer*, 857 F.3d at 798)). "To establish the second element of causation, the Plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." Had MARTINEZ not created the false report using the testimony of the FBI agent then Plaintiff OSTER would have continued his parental rights with his children just as had been when the FBI served the search warrant previously. Nothing had changed. To support a § 1983 claim of judicial deception, a Plaintiff must show the Respondent deliberately or recklessly made false statements or omissions that were material to the constitutional injury. (*See KRLv. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing *Galbraith v. Cty of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002)). "Materiality is a question of law for the court to decide." (*Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002)).

Social worker MARTINEZ reported to the Superior Court that Plaintiff allegedly possessed photographs of child, Mae Vinz Oster's

7

Rev. IV

private parts. These allegations were never proven and that the social worker did not personally view such photographs and that the FBI did not possess such photographs. MARTINEZ relied on hearsay statements from an FBI agent. MARTINEZ testimony also states that, "the photographs 'reported' to have been taken from a hidden camera or while the child was asleep." This is an assumption of the social worker, MARTINEZ and, as indicated, do not exist.

The statements by social worker MARTINEZ also testifies on the jurisdiction report that, "the father admitted to viewing child pornography and putting his penis in the child's hand while she was asleep when she was approximately six-years-old." Not only is this a false statement but that no such conversation took place between MARTINEZ and OSTER during her interview. MARTINEZ used this fabricated conversation to initiate the § 300(d) sexual abuse case against OSTER which resulted in the Plaintiff losing physical custody of his minor children. During her interrogation of the Plaintiff, MARTINEZ kept bringing the questioning to, "are there any explicit photos of either of your daughters?" Despite OSTER's repeated answer of, "no, none what-so-ever!" MARTINEZ continued to bring up photographs but manipulating the same question to be asked in a different way each time. MARTINEZ used investigative techniques that were coercive and abusive in a way that Plaintiff knew she was coercing a reply that would be false. The questions of photographs were repeated no less than three times in her investigation. Even though child protection services had asked a series of the same questions three months earlier. MARTINEZ created an interview that deliberately mischaracterizes OSTER's statements in her investigative report, thus committing a constitutional violation.

Rev. IV

MARTINEZ did not interview OSTER as a neutral, unbiased, agent of social services. The interview was slightly hostile (acting in a law enforcement technique) in its disposition as MARTINEZ was obviously prejudiced by an FBI agent. She had even threatened him with registering as a "sex offender on Megan's Law."

A suspected image of the Plaintiff supposedly interacting sexually inappropriate with his daughter, Mae Oster has never materialized. Both minor children were interviewed by Orange County Social Services and the FBI and there was no evidence of the Plaintiff ever sexually abusing either child. OSTER was shocked and appalled that the same photograph had been described to the Plaintiff's wife, Luzviminda Oster by the FBI although she had not been shown the suspected image. This image is in dispute as no one but a single FBI special agent has said it exists nor is it in the case discovery in the criminal indictment. The image was not present on any of OSTER's computers. He is an I.T. professional with many hard drives stacked within his home office that have belonged to any one of hundreds of systems he [OSTER] has worked on. Social worker MARTINEZ fabricated the entire ordeal based on immaterial hearsay statements made by an FBI special agent. There is insufficient evidence to have the court make a decisive decision to deny the Plaintiff of custody. Because social worker MARTINEZ made deliberate falsehoods and acted in reckless disregard for the truth, and because of her dishonestly, the Plaintiff, OSTER would not have lost custody of his minor children. (*Marshal v. County of San Diego, Supra. 238 Cal. App. 4th at P.1112, 190 Cal. Rptr. 3d 97; See Bravo v. City of Santa Monica (9th Cir. 2011) 665 F. 3d 1076, 1083; KRL v. Moore, Supra. 384 F. 3d at P.1117.*) In social worker MARTINEZ 300(d) testimony the words

9

Rev. IV

"suspected" and "concerning" were omitted from her report concealing
exculpatory evidence to allow the court to make proper judgement.

In both Superior Court minute orders dated 09/08/21 and 03/07/22
social worker MARTINEZ was not present. "In addition to providing child
welfare services to the family involved in a dependency proceeding,
the county's social services agency provides essential information to
the court. At each stage of the dependency proceeding, the social
services agency is statutorily mandated to prepare social study reports
and make recommendations to assist the court. [Citations.] In this
role, the social services agency acts as an impartial arm of the court
in assisting the court to carry out the Juvenile Court Law.
[Citations.]" (In re Ashley M. (2003) 114 Cal. App.4th 1, 7-8, 7
Cal.Rptr.3d 237.).

## V. PLAINTIFF'S DISPOSITION AND HERSAY

CA. Evid., Sec. 1200 Hearsay rule states (a) "hearsay evidence"
is evidence of a statement that was made other than by a witness while
testifying at the hearing and that is offered to prove the truth of
the matter stated; (b) except as provided by law, hearsay evidence is
inadmissible; (c) this section shall be known as the hearsay rule. For
arguments sake, the social worker, MARTINEZ is not a witness, as neither
is the FBI agent that provided her with the alleged criminal acts.

The Plaintiff had no opportunity to testify in his defense. Oster
was not a present party in the dependency proceeding. He had no access
to due process. Oster has not been convicted for possession of child
pornography nor has he been charged with child sexual abuse.

CIVIL RIGHTS ACTION FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS
42 U.S.C. § 1983

Rev. IV

The importance of the social worker's reporting and recommendations in the dependency process cannot be overstated. "The court's independent review of the evidence should also give due consideration to the social worker's determination and the court may properly rely upon the agency's expertise for guidance." (In re *M.C.* (2011) 199 Cal.App.4th 784, 814, 131 Cal.Rptr.3d 194; see *In re Robert A.* (1992) 4 Cal.App.4th 174, 189, 5 Cal.Rptr.2d 438 [juvenile court depends on the social services department's expertise for guidance].)

"The juvenile court may properly rely upon a social worker's report to support a jurisdictional finding under [Welfare and Institutions Code] section 300 as long as the opportunity to cross-examine the social worker is provided."(*In re Brian W.*(1996)48 Cal.App.4th 429, 433-434, 56 Cal.Rptr.2d 1.) In this case, the social worker fabricated that expertise and twisted a story that was fallacious from the visitation of OSTER to the jail. MARTINEZ did not act impartial in her questioning.

Because Orange County Social Services Agency social worker Heidi MARTINEZ completely fabricated her testimony in the § 300(d) sexual abuse filing form JV-123, the Plaintiff, Mark Oster has suffered irreparable psychological damage and separation from his two minor children. Oster has not been able to have contact with his children for longer than three years because of MARTINEZ'S false allegations.

Social worker MARTINEZ had no corroborating evidence other than a made-up statement from supposedly an FBI agent of an *alleged* crime with a single image that does not either exist with hearsay testimony that is unsubstantiated. The testimony of the social worker, MARTINEZ based her judgement on statements conveyed to her by an FBI agent that is

Rev. IV

inadmissible hearsay violates Oster's rights to the confrontation clause pursuant to the Sixth Amendment.- "In all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." In addition, "a right to confront and cross-examine witnesses exists in civil proceedings, but the due process clause, not the confrontation clause, defines the scope and nature of that right."(See *Malinda, supra,* 51 Cal.3d at p. 383 fn. 16, 272 Cal. Rptr. 787, 795 P.2d 1244.) "Hearsay statements are obviously vulnerable to challenge by Respondent as arguably unreliable summaries of victim and witness interviews, and the Respondent may rebut the hearsay statements by providing his own version of the details underlying his offenses." (*Howard, supra,* 70 Cal.App.4th at pp. 154-155, 82 Cal. Rptr.2d 481.).

Nothing in the Welfare and Institutions Code provides for a hearsay exception outside of what is contained in a social study. Nor is any such exception found in the Evidence Code. Evidence Code section 1200 provides that hearsay evidence is inadmissible "except as provided by law." "Hearsay is <u>generally excluded</u> because the out-of-court declarant is not under oath and cannot be cross-examined to test perception, memory, clarity of expression, and veracity, and because the ... trier of fact is unable to observe the declarant's demeanor... The focus of the rule's several exceptions is ... on the reliability of the out-of-court declaration. Thus, the various hearsay exceptions generally reflect situations in which circumstances affording some assurance of trustworthiness compensate for the absence of the oath, cross-examination, and jury observation." (*People v. Cudjo* (1993) 6 Cal.4th 585, 608, 25 Cal.Rptr.2d 390, 863 P.2d 635.)

Rev. IV

**VI. FALSE INVESTIGATORY REPORTS.**

On February 02, 2024 The Superior Court of California, County of Orange, Juvenile Court found and ordered Orange County Social Services Agency ("OCSSA") to provide, "to the court, in response to petition filed by Mark P. Oster, juvenile records in written records by the OCSSA plus 09/08/21 and 03/07/22 m.o.'s for each DR file to the right (21DP0848 & 21DP0849), all subject to redaction and protective order directed." Plaintiff sent his first formal request for the ordered documents on February 7, 2024 attaching the court order. When no such ordered records were supplied to the Plaintiff by OCSSA, Mark P. Oster in a reasonable amount of time, sent a second formal request to OCSSA on May 18, 2024. The Plaintiff then filed a MOTION TO COMPEL RESPONDENT TO COMPLIANCE TO PRODUCE COPIES OF COURT ORDERED DOCUMENTS through the Superior Court. It was not until a letter drafted to the Respondent's attorney, Tamara Heathcote at Lynchberg & Watkins on June 12, 2024 that the Plaintiff finally received the <u>Certification of Records</u> on July 12, 2024. In support of the Plaintiff's civil complaint against OCSSA and Social Worker, Heidi Martinez ("MARTINEZ") the Plaintiff files the following exposed fabrication of facts based on those reports in the <u>Screener Narrative</u> and <u>Investigative Narrative</u> from OCSSA.

**VII. DISECTION OF INVESTIGATION.**

A.    Screener Narrative, written by SSW M. Sosa, G7GF states on 07/31/2021 that, "allegations of sexual abuse to the child, Mae Oster (age 12, DOB: 08/22/2008) by the father, Mark Oster (age 51, DOB: 06/18/1970) was substantiated. Allegations of at-risk sibling abuse to child, Marluz Oster (age 7, DOB: 06/22/2014), by the father, Mark Oster

13

Rev. IV

(age 51, DOB: 06/18/1970) was substantiated." Several times in this report the accusation of, "it was reported" but the narrative does not signify from whom or what agency reported such allegations to the SSW. These, "it was reported" allegations are clear violations of hearsay information given to MARTINEZ. Not only has this but the social worker in the narrative put the allegations in quotes. Quotations signify that the statements or allegations need be a direct source of information coming as s first person. There were no such persons indicated in the report even though the agency representative used quotation marks in her report. "Section 355, subdivision (c)(1), also incorporates this due process principle providing that a hearsay statement contained in a social study that is inadmissible in a criminal or civil trial cannot 'by itself'… support a jurisdictional finding or any ultimate fact upon which a jurisdictional finding is based."(Lucero L. Supra. 22 Cal. 4th at F. 1245).

    B.    In the Screener Narrative the SSW, M. Sosa writes, "Mark Oster was arrested with felony charges for having pornographic pictures of the child, Mae Oster." This statement is false and no such images exist in the Plaintiff's criminal indictment. Nor was the Plaintiff charged with such. The report also states, "Pictures taken from a hidden camera in the rest room when the child was 8 or 9 years old." Those pictures also do not exist and the hidden camera theory is speculative at best.

    C.    The report states, "Other more recent pictures were taken when the child was asleep with her private parts exposed." Again, these images do not exist "as reported" to the SSW. The agency representative does not indicate by whom.

CIVIL RIGHTS ACTION FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS
42 U.S.C. § 1983

Rev. IV

D.   MARTINEZ performed an interview with the Plaintiff, Mark Oster on July 31, 2021 at the Santa Ana Jail. That interview was performed between glass with a partially functional intercom system that had been extremely difficult to comprehend discussions from either side of the glass and had been defective for months. On page 11 of the investigative information MARTINEZ asked Plaintiff why he was arrested. At this time, the only information given to the Plaintiff on his arrest was for possession of pornography. The MARTINEZ wrote in her report that, "The father stated his username and password were found on websites connected to preteen and teen pornography. The father admitted at the beginning of the COVID-19 pandemic he had 'idle time' in which we viewed the pornographic websites." This conversation did not exist. The Plaintiff did tell the MARTINEZ that he had visited <u>adult</u> pornographic websites very rarely and had brought up the Netflix program named "Cuties" but had told MARTINEZ that he thought it was an abomination. MARTINEZ also fabricated a conversation that indicated that his wife was, "petite and appeared young, which the father was attracted to." This is a ridiculously false statement and this material was never brought up but MARTINEZ had recently interviewed the Plaintiff's wife, Luzviminda Oster and seemed to have drawn her own delusional conclusion.

E.   On page 11 of the investigative information, MARTINEZ also reports, "the father reported that approximately six years ago when the child Mae was six years old, he went into her room at night wearing only her boxer shorts. The child was sleeping, and her hand was extended out. The father placed his 'genitals' while in his boxer shorts into the child's hand and took a photo." This fabricated testimony by the

Rev. IV

Plaintiff was conjected from the information that MARTINEZ had "been reported" by the unknown reporting party and conveniently fits perfectly the set of circumstances given to MARTINEZ. The foregoing statement is the center of this civil suit as MARTINEZ completely gave false statements throughout this report. This narrative continues on to document, "The father denied ever having touched the child Mae in any other manner and denied he had the child touch him in any other manner."

**VIII. CONTRADICTORY PARAGRAPHS.**

An entire paragraph of the investigative narrative with the Plaintiff on page 12 specifically states, "The father denied ever having touched the child Mae in any manner and denied he ever had the child touch him. The father denied ever having touched the child Marluz and denied he ever had the child touch him. The father denied capturing any photos of the child, Mae, which were sexual in nature. The father denied taking any photos of the child, Marluz, which were sexual in nature. The father denied ever having showed the children pornography." MARTINEZ cannot seem to keep her narratives straight in the report and contradicts all the other false claims she had made in the investigative information. Including the 300(d) report.

The report also contains a paragraph on page 13 that clearly shows that MARTINEZ confused and mingled her reports under the heading; PLACEMENT PREVENTION EFFORTS. Here is an entire paragraph that does not belong within the report specifying another of MARTINEZ's clients mentioning an entirely different family and situation. The report paragraph states that, "the mother already was receiving substance

16

Rev. IV

abuse services through Vera's Sanctuary" along with other confusing intermingled statements. This continues in her report under the heading; SAFETY AND RISK ASSESSMENTS where statements that have nothing to do with this case are in this report as well. The entire report need be stricken from the record because of MARTINEZ's incompetence.

**IX. FINDINGS.**

The juvenile court's finding at a jurisdictional hearing that a child is described by section 300 must be supported by a preponderance of the evidence. The Plaintiff gave the exact same information to MARTINEZ on July 31, 2021 as he did on March 11, 2021 denying any sexual wrongdoings. Both children were interviewed by MARTINEZ and told her that they had never been sexually touched or that any sexual misconduct was present in the house.

Because the Plaintiff's wife, Luzviminda Oster was a recent immigrant (green card holder) and unaware of the policies or laws of the United States, MARTINEZ took advantage of Mrs. Oster's fears and panicked Mrs. Oster into complying with her agenda. That schema was clearly to destroy an innocent man in front of his family. Social Worker Heidi Martinez took advantage of the situation at hand to fabricate a majority of the investigative information. This additional evidence submitted into the civil complaint as from certifications of true copies by The County of Orange Social Services Agency received July 13, 2024.

Because of the Respondent's negligent actions in diligence of due process, the Plaintiff suffers extreme emotional distress. "Every

17

person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." (Civ.Code, § 3281.) "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." (Civ.Code, § 3333.) "Detriment is a loss or harm suffered in person or property." (Civ.Code, § 3282.).

**X. JUDGEMENT AWARDS.**

The Plaintiff seeks the following tort verdicts and monetary award rulings:

Against social worker, Heidi Martinez and the Orange County Social Services Agency for violations of 42 U.S.C. § 1983 and Cal. Govt. Code 1368, 3108 the demand of $1,400,000 in compensatory damages with $33,500 in punitive damages. As provided by § 1983, "…damages for actions found have been violative of constitutional rights… and have caused compensable injury." In addition, the Plaintiff seeks to have the court reverse the Superior Courts decisions against the Plaintiff and restore joint physical and legal custody of his two minor children.

Mark Oster, Plaintiff

23 DEC. '24

Dated

**Mark P. Oster**
Santa Ana Jail 4-C
PO BOX 22003
Santa Ana, CA 92702


Clerk of the Court
United States District Court
Central Division
411 West Fourth Street
Santa Ana, CA 92701-4598


January 7, 2025


Dear Clerk of the Court,

Enclosed are the following documents to be filed:

**1.** 2 copies of CIVIL RIGHTS ACTION FOR DEPRIVITION OF
COUNSTITUTIONAL RIGHTS 42 U.S.C. § 1983 WITH VIOLATIONS OF IV,
VI, & XIV AMENDMENT RIGHTS; Mark Phillip Oster v. Orange County
Social Services Agency (one for stamp and return).

Along with this new petition is also –

**2.** Application to Proceed in District Court Without Prepaying
Fees or Costs (Short Form) AO 240; Mark Phillip Oster v. Orange
County Social Services.

In addition, I am filing a second

**3.** Application to Proceed in District Court Without Prepaying
Fees or Costs (Short Form) AO 240; Mark Phillip Oster v. City of
Santa Ana.

This is to supplement a recently filed petition of the same name
approximately on 12/23/24.

Cordially,

Mark Oster



MARK P. OSTER: 223613
SANTA ANA JAIL 4C.
PO BOX 22003
SANTA ANA, CA. 92702

UNITED STATES DISTRICT COURT
CENTRAL DIVISION
411 WEST FOURTH STREET
SANTA ANA, CA. 92701-4598

Santa Ana Jail
Inmate Correspondence

RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 10 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY DEPUTY

LEGAL MAIL
DMz #3044



LEGAL.